Narinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74501.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Viney Gupta, Orange, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Narinder Singh, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings to apply for adjustment of status and to revisit his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

Singh offered evidence with his motion that he had filed an application for a labor certification, but he did not show that an immigrant visa was immediately available to him. *See* 8 U.S.C. § 1255(a) (immediately available immigrant visa is required for adjustment of status application). Accordingly, the BIA did not abuse its discretion in denying Singh's motion to reopen for failure to establish prima facie eligibility for adjustment of status. *See INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that BIA may deny an alien's motion to reopen if alien is not prima facie eligible for relief sought).

The BIA did not abuse its discretion in denying Singh's motion to reopen based on changed country conditions in India because Singh did not provide any new country conditions evidence. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen shall state new facts to be proven at new hearing and be supported by evidence).

To the extent Singh challenges the BIA's April 14, 2003 order, we lack jurisdiction because Singh did not petition for review of that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.